O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CASE NO. 5:06-MJ-688 |
| | § | |
| Roberto CASTANEDA-SILVA | § | |
| | § | |

### ORDER OF DETENTION PENDING TRIAL

A detention hearing in accordance with Title 18, United States Code, Section 3142(f) was held in this case on April 19, 2006. Defendant is charged under Title 21, United States Code, Sections 952 and 841(a)(1), with knowingly, willfully, and unlawfully importing approximately twenty-four point eighty-eight (24.88) kilograms of cocaine from Mexico into Laredo, Texas. I find that the following facts are established by clear and convincing evidence and that they REQUIRE THE DETENTION of Defendant, Roberto Castaneda-Silva, pending trial in this case.

### FINDINGS OF FACT

The Government proffered the Pretrial Services Report stating that Defendant is a twenty-six (26) year old Mexican National that resides in Nuevo Laredo, Tamaulipas, Mexico with no legal status to work or reside in the United States. In addition, Defendant's wife and two siblings also reside in Mexico. A point of contention exists whether Defendant's two children reside in Mexico with Defendant. The Pretrial Services Report states that Defendant's children and wife reside with Defendant in Mexico, however Defense Counsel proffered that Defendant's two children are United States citizens and reside in the United States. According to the criminal complaint, after Miranda

warnings were read to Defendant, Defendant admitted to making approximately ten trips transporting narcotics from Mexico into the United States and receiving payments in return.

Defense Counsel proffered that a discrepancy exists with the Pretrial Services Report's statement regarding Defendant's entry into the United States. Although the Pretrial Services Report states that Defendant falsely presented a bonafide non-resident alien visitor form, Defense counsel proffered that Defendant possessed and presented a valid visitor's permit in the form of a laser visa card to enter into the United States. In addition, Defense Counsel proffered that Defendant has no criminal record.

## REASONS FOR DETENTION

The evidence adduced at the hearing establishes probable cause to believe Defendant has violated a statute which provides for a maximum term of life imprisonment under the Controlled Substances Act (21 U.S.C. § 801 et. seq.). Since probable cause exists to believe that Defendant committed these crimes, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. Defendant has failed to produce facts which will rebut this presumption in light of the findings above. Defendant's familial ties to Mexico and Defendant's residence in Mexico lead the court to believe that Defendant is a flight risk. The large amount of cocaine found when Defendant was arrested and Defendant's admission to making ten prior trips transporting narcotics lead the court to believe that Defendant is a danger to the community.

## DIRECTIONS REGARDING DETENTION

The Defendant is committed to the custody of the United States Marshal for the Southern District of Texas, Laredo, Texas for confinement in a corrections facility separate, to the extent

practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE at Laredo, Texas, this 20th day of April, 2006.

Adriana Arce-Flores
United States Magistrate Judge